B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Starks, David B. Sr.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Starks, Stephanie T.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4683** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1604** |
| Street Address of Debtor (No. and Street, City, and State):<br>**5165 Keith Drive**<br>**Richton Park, IL**<br>ZIP Code **60471** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**5165 Keith Drive**<br>**Richton Park, IL**<br>ZIP Code **60471** |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business:<br>**Cook** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**
■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐<br>1-49 | ■<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-10,000 | ☐<br>10,001-25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-100,000 | ☐<br>OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ■<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ■<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(4/10)                                                                                                          Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Starks, David B. Sr.**<br>**Starks, Stephanie T.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br><b>X  /s/ Stuart B. Handelman          June 27, 2011</b><br>Signature of Attorney for Debtor(s)          (Date)<br><b>Stuart B. Handelman</b></td>
</tr>
</table>

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)                                                                                                              Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Starks, David B. Sr.**<br>**Starks, Stephanie T.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ David B. Starks, Sr.**
Signature of Debtor  **David B. Starks, Sr.**

X **/s/ Stephanie T. Starks**
Signature of Joint Debtor **Stephanie T. Starks**

Telephone Number (If not represented by attorney)

**June 27, 2011**
Date

### Signature of Attorney*

X **/s/ Stuart B. Handelman**
Signature of Attorney for Debtor(s)

**Stuart B. Handelman 6195779**
Printed Name of Attorney for Debtor(s)

**The Law Offices of Stuart B. Handelman, P.C.**
Firm Name
**200 S. Michigan Avenue, Suite 1215**
**Chicago, IL 60604**
Address

                                                    **Email: court@sbhpc.net**
**(312) 360-0500  Fax: (312) 360-1033**
Telephone Number

**June 27, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **David B. Starks, Sr.**
       **Stephanie T. Starks**

Debtor(s)

Case No.

Chapter   **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ David B. Starks, Sr.**
         **David B. Starks, Sr.**

Date:   **June 27, 2011**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

| | | | | |
|---|---|---|---|---|
| In re | **David B. Starks, Sr.** **Stephanie T. Starks** | Debtor(s) | Case No. Chapter | **13** |

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                          Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Stephanie T. Starks**
                      **Stephanie T. Starks**

Date:  **June 27, 2011**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **David B. Starks, Sr.,**
         **Stephanie T. Starks**

Case No. _____

                                                    ,

Debtors

Chapter _____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 121,994.00 | | |
| B - Personal Property | Yes | 4 | 31,639.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 185,021.53 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 1,973.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 22 | | 62,571.83 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 6,341.78 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 4,262.78 |
| Total Number of Sheets of ALL Schedules | | 37 | | | |
| Total Assets | | | 153,633.00 | | |
| Total Liabilities | | | | 249,566.36 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **David B. Starks, Sr.,**                                    Case No. _____
**Stephanie T. Starks**

_____ ,        Chapter _____ **13**
Debtors

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 1,973.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 20,296.64 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 22,269.64 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 6,341.78 |
| Average Expenses (from Schedule J, Line 18) | 4,262.78 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 8,999.38 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 55,052.53 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 1,973.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 62,571.83 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 117,624.36 |

B6A (Official Form 6A) (12/07)

.

In re     **David B. Starks, Sr.,**                           Case No. _____
         **Stephanie T. Starks**

                                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residential Real Estate located 5165 Keith Drive, Richton Park, IL 60471** | | H | 121,994.00 | 170,003.20 |

|  |  |  |
|---|---|---|
| Sub-Total > | 121,994.00 | (Total of this page) |
| Total > | 121,994.00 | |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **David B. Starks, Sr.,**                                    Case No. _____
         **Stephanie T. Starks**
                                                                        ,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America Checking Account** **In Debtors' Possession** | J | 0.00 |
| | | **Bank of America Savings Account** **In Debtors' Possession** | J | 93.00 |
| | | **Bank of America Checking Account** **In Debtors' Possession** | W | 162.00 |
| | | **Bank of America Savings Account** **In Debtors' Possession** | W | 9.00 |
| | | **Harris Bank Checking Account** **In Debtors' Possession** | W | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods** **In Debtors' Possession** | J | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** **In Debtors' Possession** | J | 300.00 |
| 7. Furs and jewelry. | | **Miscellaneous Jewelry** **In Debtors' Possession** | J | 1,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >       **6,664.00**
(Total of this page)

__3__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **David B. Starks, Sr.,**
        **Stephanie T. Starks**

Case No. _____

Debtors,

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | 401K | | H | 14,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >      **14,000.00**
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re      **David B. Starks, Sr.,**                                    Case No. _____
      **Stephanie T. Starks**

                                                 ,
                                        Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Fair Debt Collection Practices Act Claim Against Bay Area Credit Service, LLC** | H | 1,500.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Mercedes-Benz ML320, 144,000 miles In Debtors' Possession** | H | 7,975.00 |
| | | **1985 Nissan Quest, 200,000 miles In Debtors' Possession** | H | 1,000.00 |
| | | **1979 Mercury Tracer, 320,000 miles In Debtors' Possession** | H | 500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total >       **10,975.00**
(Total of this page)

Sheet  **2**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re     **David B. Starks, Sr.,**                 Case No. _____
        **Stephanie T. Starks**

                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **31,639.00** |

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                            Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re   **David B. Starks, Sr.,**                                           Case No. _____
        **Stephanie T. Starks**
                                                                    ,
                              Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                    $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                             *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Residential Real Estate located 5165 Keith Drive, Richton Park, IL 60471** | **735 ILCS 5/12-901** | **15,000.00** | **121,994.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank of America Savings Account In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **93.00** | **93.00** |
| **Bank of America Checking Account In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **162.00** | **162.00** |
| **Bank of America Savings Account In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **9.00** | **9.00** |
| **Harris Bank Checking Account In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Household Goods and Furnishings** | | | |
| **Household Goods In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **5,000.00** | **5,000.00** |
| **Wearing Apparel** | | | |
| **Clothing In Debtors' Possession** | **735 ILCS 5/12-1001(a)** | **300.00** | **300.00** |
| **Furs and Jewelry** | | | |
| **Miscellaneous Jewelry In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **636.00** | **1,000.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **401K** | **735 ILCS 5/12-1006** | **14,000.00** | **14,000.00** |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Fair Debt Collection Practices Act Claim Against Bay Area Credit Service, LLC** | **735 ILCS 5/12-1001(b)** | **1,500.00** | **1,500.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1985 Nissan Quest, 200,000 miles In Debtors' Possession** | **735 ILCS 5/12-1001(c)** | **1,000.00** | **1,000.00** |
| **1979 Mercury Tracer, 320,000 miles In Debtors' Possession** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| | | Total: **38,300.00** | **145,658.00** |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **David B. Starks, Sr.,**
     **Stephanie T. Starks**

Case No. _____

_____,

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **xxxxx3546**<br><br>Bac Home Loans Servicing, LP<br>P.O. Box 650070<br>Dallas, TX 75265-0070 | | H | | | **Mortgage**<br><br>**Residential Real Estate located 5165 Keith Drive, Richton Park, IL 60471 TO BE PAID OUTSIDE PLAN**<br><br>Value $      **121,994.00** | | | | **138,465.94** | **16,471.94** |
| Account No.<br><br>Fisher & Shapiro<br>2121 Waukegan Road, Suite 301<br>Bannockburn, IL 60015 | | | | | **Representing:**<br>Bac Home Loans Servicing, LP<br><br>Value $ | | | | **Notice Only** | |
| Account No. **xxxxx3546**<br><br>Bac Home Loans Servicing, LP<br>P.O. Box 650070<br>Dallas, TX 75265-0070 | | H | | | **Mortgage Arrears**<br><br>**Residential Real Estate located 5165 Keith Drive, Richton Park, IL 60471 TO BE PAID INSIDE PLAN**<br><br>Value $      **121,994.00** | | | | **31,537.26** | **31,537.26** |
| Account No.<br><br>Fisher & Shapiro<br>2121 Waukegan Road, Suite 301<br>Bannockburn, IL 60015 | | | | | **Representing:**<br>Bac Home Loans Servicing, LP<br><br>Value $ | | | | **Notice Only** | |

  **1**   continuation sheets attached

Subtotal
(Total of this page)

| | |
|---|---|
| **170,003.20** | **48,009.20** |

B6D (Official Form 6D) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
     **Stephanie T. Starks**

Case No. _____

_____,
                 Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | J C | | | | | | |
| Account No. **xxx5221** | | | | | **May 2006** | | | | | |
| **Santander Consumer USA** P.O. Box 105255 Atlanta, GA 30348-5255 | | H | | | **Purchase Money Security Interest** **2001 Mercedes-Benz ML320, 144,000 miles** **TO BE PAID INSIDE PLAN** | | | | | |
| | | | | | Value $              7,975.00 | | | | 15,018.33 | 7,043.33 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet _**1**_ of _**1**_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 15,018.33 | 7,043.33 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 185,021.53 | 55,052.53 |

B6E (Official Form 6E) (4/10)

In re   **David B. Starks, Sr.,**                                          Case No. _____
        **Stephanie T. Starks**
_____ ,
                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

   Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                    _1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **David B. Starks, Sr.,**
**Stephanie T. Starks**

Case No. _____

Debtors ,

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. **xxx-xx-4683**<br><br>**Internal Revenue Service**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | J | | | **2009 Federal Income Taxes** | | | | **1,014.00** | **0.00**<br><br>**1,014.00** | |
| Account No. **xxx-xx-4683**<br><br>**Internal Revenue Service**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | J | | | **2010 Federal Income Taxes** | | | | **959.00** | **0.00**<br><br>**959.00** | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | **0.00**<br>**1,973.00** | **1,973.00** |
| Total (Report on Summary of Schedules) | **0.00**<br>**1,973.00** | **1,973.00** |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re    **David B. Starks, Sr.,**                                       Case No. _____
             **Stephanie T. Starks**
_____,
                                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxx1943 | | | | | Telephone | | | | |
| **AT&T** **P.O. Box 8212** **Aurora, IL 60572-8212** | | H | | | | | | | 505.37 |
| Account No. | | | | | | | | | |
| **First National Collection Bureau** **610 Waltham Way** **Sparks, NV 89434** | | | | | Representing: AT&T | | | | **Notice Only** |
| Account No. | | | | | | | | | |
| **Law Offices of Mitchell N. Kay** **205 West Randolph Street** **Suite 920** **Chicago, IL 60606** | | | | | Representing: AT&T | | | | **Notice Only** |
| Account No. | | | | | | | | | |
| **West Asset Management, Inc.** **P.O. Box 2348** **Sherman, TX 75091** | | | | | Representing: AT&T | | | | **Notice Only** |

   __21__   continuation sheets attached

Subtotal   (Total of this page)      **505.37**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                             S/N:31296-110428    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
         **Stephanie T. Starks**                                            Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0436** | | | Telephone | | | | |
| **AT&T** **P.O. Box 5014** **Carol Stream, IL 60197-5014** | | H | | | | | **295.78** |
| Account No. | | | | | | | |
| **EOS CCA** **700 Longwater Drive** **Norwell, MA 02061-1624** | | | Representing: AT&T | | | | **Notice Only** |
| Account No. | | | | | | | |
| **First National Collection Bureau** **610 Waltham Way** **Sparks, NV 89434** | | | Representing: AT&T | | | | **Notice Only** |
| Account No. | | | | | | | |
| **Franklin Collection Service, Inc.** **P.O. Box 3910** **Tupelo, MS 38803-3910** | | | Representing: AT&T | | | | **Notice Only** |
| Account No. | | | | | | | |
| **Law Offices of Mitchell N. Kay** **205 West Randolph Street** **Suite 920** **Chicago, IL 60606** | | | Representing: AT&T | | | | **Notice Only** |

Sheet no. **1** of **21** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **295.78**

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
        **Stephanie T. Starks**                                          Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. <br><br>**Nationwide Recovery Systems** <br>**2304 Tarpley Drive, #134** <br>**Carrollton, TX 75006** | | | | Representing: <br>AT&T | | | | **Notice Only** |
| Account No. **xxxx-xxxx-xxxx-5337** <br><br>**Capital One Bank** <br>**P.O. Box 6492** <br>**Carol Stream, IL 60197-6492** | | W | | Credit Card | | | | **1,009.69** |
| Account No. <br><br>**NCO Financial Systems, Inc.** <br>**4740 Baxter Road** <br>**Virginia Beach, VA 23462** | | | | Representing: <br>Capital One Bank | | | | **Notice Only** |
| Account No. **xxxx-xxxx-xxxx-5029** <br><br>**Care Credit - GE Money Bank** <br>**Attn: Bankruptcy Department** <br>**PO Box 103104** <br>**Roswell, GA 30076** | | W | | Charge Account | | | | **1,965.83** |
| Account No. **xxxx-xxxx-xxxx-3360** <br><br>**Chase** <br>**PO Box 15153** <br>**Wilmington, DE 19886-5153** | | W | | Credit Card | | | | **625.53** |

Sheet no. __2__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**3,601.05**

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**                            Case No. _____
          **Stephanie T. Starks**

_____,

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W JC | | | | | | |
| Account No.<br><br>**NCO Financial Systems, Inc.**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | | | Representing:<br>Chase | | | | **Notice Only** |
| Account No. **xxxx8243**<br><br>**Chicago Tribune**<br>**P.O. Box 6490**<br>**Chicago, IL 60680-6490** | | H | | Collection | | | | **51.90** |
| Account No.<br><br>**Merchant's Credit Guide Co.**<br>**223 W. Jackson Blvd.**<br>**Suite 400**<br>**Chicago, IL 60605** | | | | Representing:<br>Chicago Tribune | | | | **Notice Only** |
| Account No. **xxxxx1086**<br><br>**Cingular Wireless**<br>**Attn: Bankruptcy Department**<br>**2612 North Roan Street**<br>**Johnson City, TN 37601** | | W | | Collection | | | | **1,192.52** |
| Account No.<br><br>**Oxford Management Services**<br>**P.O. Box 1991**<br>**Southgate, MI 48195** | | | | Representing:<br>Cingular Wireless | | | | **Notice Only** |

Sheet no. __3__ of __21__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal<br>(Total of this page)      **1,244.42**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                  Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re     **David B. Starks, Sr.,**
       **Stephanie T. Starks**                                                Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx1531** | | | Collection | | | | |
| **Cingular Wireless/AT&T Wireless c/o Superior Asset, Inc. P.O. Box 1928 Fort Walton Beach, FL 32549** | | W | | | | | 2,517.14 |
| Account No. **xxxx-xxxx-xxxx-5198** | | | Credit Card | | | | |
| **Citi Health Card P.O. Box 653095 Dallas, TX 75265** | | H | | | | | 621.53 |
| Account No. | | | | | | | |
| **ACB American, Inc. P.O. Box 177 Cincinnati, OH 45201-0177** | | | Representing: Citi Health Card | | | | Notice Only |
| Account No. | | | | | | | |
| **The CBE Group, Inc. 131 Tower Park, Suite 100 P.O. Box 2547 Waterloo, IA 50704-2547** | | | Representing: Citi Health Card | | | | Notice Only |
| Account No. **xxxxxxx-xxx5187** | | | Line of Credit | | | | |
| **Citifinancial P.O. Box 183172 Columbus, OH 43218-3172** | | H | | | | | 7,940.96 |

Sheet no. __4__ of __21__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)      11,079.63

B6F (Official Form 6F) (12/07) - Cont.

In re  **David B. Starks, Sr.,**
  **Stephanie T. Starks**
_____ ,
                     Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxx3061**<br><br>**City of Evanston**<br>**Citiation Processing Center**<br>**PO Box 3214**<br>**Milwaukee, WI 53201-3214** | | H | Parking Tickets | | | | 60.00 |
| Account No. **xxxx-xx-xxx-xxx6436**<br><br>**Comcast**<br>**P.O. Box 3002**<br>**Southeastern, PA 19398-3002** | | H | Cable | | | | 398.85 |
| Account No. **xxx8366**<br><br>**Directv, Inc.**<br>**P.O. Box 29079**<br>**Glendale, CA 91209-9079** | | H | Collection | | | | 130.14 |
| Account No.<br><br>**NCO Financial Systems, Inc.**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | | Representing:<br>Directv, Inc. | | | | Notice Only |
| Account No. **xxxx-xxxx-xxxx-8012**<br><br>**Discover**<br>**P.O. Box 6103**<br>**Carol Stream, IL 60197-6103** | | W | Credit Card | | | | 2,400.17 |

Sheet no. __5__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,989.16

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
         **Stephanie T. Starks**
_____,
                              Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Capital Management Services** **726 Exchange Street- Suite 700** **Buffalo, NY 14210** | | | Representing: Discover | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxx2421** | | | Cable | | | | |
| **Dish Network** **Dept. 0063** **Palatine, IL 60055-0063** | | J | | | | | **138.00** |
| Account No. | | | | | | | |
| **Enhanced Recovery Corporation** **P.O. Box 1967** **Southgate, MI 48195-0967** | | | Representing: Dish Network | | | | **Notice Only** |
| Account No. **xxxxxx0329** | | | Medical Bills | | | | |
| **Edward Hospital & Health Svcs** **801 S. Washington Street** **Naperville, IL 60540-7060** | | W | | | | | **100.00** |
| Account No. | | | | | | | |
| **Merchant's Credit Guide Co.** **223 W. Jackson Blvd.** **Suite 400** **Chicago, IL 60605** | | | Representing: Edward Hospital & Health Svcs | | | | **Notice Only** |

Sheet no.  **6**   of  **21**   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**238.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **David B. Starks, Sr.,**
    **Stephanie T. Starks**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**MiraMed Revenue Group, LLC** <br>**Dept. 77304** <br>**P.O. Box 77000** <br>**Detroit, MI 48277-0304** | | | Representing: <br>**Edward Hospital & Health Svcs** | | | | **Notice Only** |
| Account No. **xxx x8573** <br><br>**EM Strategies LTD** <br>**P.O. Box 1208** <br>**Bedford Park, IL 60499-1208** | | H | Medical Bills | | | | **419.00** |
| Account No. **xxxx-xxxx-xxxx-0755** <br><br>**First Premier Bank** <br>**P.O. Box 5529** <br>**Sioux Falls, SD 57117-5529** | | H | Credit Card | | | | **376.18** |
| Account No. **xxxx-xxxx-xxxx-9982** <br><br>**HSBC** <br>**Attn: Bankruptcy Department** <br>**P.O. Box 5213** <br>**Carol Stream, IL 60197** | | W | Credit Card | | | | **426.74** |
| Account No. <br><br>**Allied Interstate** <br>**3000 corporate Exchange Dr.** <br>**5th Floor** <br>**Columbus, OH 43231** | | | Representing: <br>**HSBC** | | | | **Notice Only** |

Sheet no. __7__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,221.92**

B6F (Official Form 6F) (12/07) - Cont.

In re **David B. Starks, Sr.,**
         **Stephanie T. Starks**
                                                          Case No. _____

_____,
                            Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Representing: HSBC | | | | |
| **Echelon Recovery Inc.** **P.O. Box 1880** **Voorhees, NJ 08043** | | | | | | | | **Notice Only** |
| Account No. | | | | Representing: HSBC | | | | |
| **Lvnv Funding** **P.O. Box 10584** **Greenville, SC 29603** | | | | | | | | **Notice Only** |
| Account No. **xxxx1530** | | W | | Medical Bills | | | | |
| **Ingalls Memorial Hospital** **Payment Processing Center** **PO Box 5435 Dept 0028** **Carol Stream, IL 60197-5435** | | | | | | | | **75.00** |
| Account No. **xxxx9286** | | W | | Medical Bills | | | | |
| **Ingalls Memorial Hospital** **Payment Processing Center** **PO Box 5435 Dept 0028** **Carol Stream, IL 60197-5435** | | | | | | | | **75.00** |
| Account No. **xxxx2678** | | H | | Medical Bills | | | | |
| **Ingalls Memorial Hospital** **One Ingalls Drive** **Harvey, IL 60426** | | | | | | | | **100.00** |

Sheet no. __8__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**250.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
     **Stephanie T. Starks**
                                                ,
                                Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx5492**<br><br>Ingalls Memorial Hospital<br>Payment Processing Center<br>PO Box 5435 Dept 0028<br>Carol Stream, IL 60197-5435 | | H | Medical Bills | | | | 100.00 |
| Account No. **xxxx3672**<br><br>Ingalls Memorial Hospital<br>Payment Processing Center<br>PO Box 5435 Dept 0028<br>Carol Stream, IL 60197-5435 | | H | Medical Bills | | | | 75.00 |
| Account No. **xxxx3378**<br><br>Ingalls Memorial Hospital<br>Payment Processing Center<br>PO Box 5435 Dept 0028<br>Carol Stream, IL 60197-5435 | | W | Medical Bills | | | | 75.00 |
| Account No. **xxxx5206**<br><br>Ingalls Memorial Hospital<br>Payment Processing Center<br>PO Box 5435 Dept 0028<br>Carol Stream, IL 60197-5435 | | H | Medical Bills | | | | 150.00 |
| Account No. **xxxx0301**<br><br>Ingalls Memorial Hospital<br>Payment Processing Center<br>PO Box 5435 Dept 0028<br>Carol Stream, IL 60197-5435 | | H | Medical Bills | | | | 75.00 |

Sheet no. __9__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

475.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
      **Stephanie T. Starks**    Case No. _____

_____,
                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | Representing:<br>Ingalls Memorial Hospital | | | | **Notice Only** |
| Account No. **xxxx9101**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | W | Medical Bills | | | | **100.00** |
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | Representing:<br>Ingalls Memorial Hospital | | | | **Notice Only** |
| Account No. **xxxx8501**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | H | Medical Bills | | | | **125.00** |
| Account No.<br><br>**Medical Recovey Specialists, Inc.**<br>**2250 E. Devon Ave., Suite 352**<br>**Des Plaines, IL 60018** | | | Representing:<br>Ingalls Memorial Hospital | | | | **Notice Only** |

Sheet no. __**10**__ of __**21**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                Subtotal
                     (Total of this page)    **225.00**

    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **David B. Starks, Sr.,**
      **Stephanie T. Starks**

Case No. _____

_____,
                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx6601**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | H | **Medical Bills** | | | | **75.00** |
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | **Representing:**<br>**Ingalls Memorial Hospital** | | | | **Notice Only** |
| Account No. **xxxx4601**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | H | **Medical Bills** | | | | **75.00** |
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | **Representing:**<br>**Ingalls Memorial Hospital** | | | | **Notice Only** |
| Account No. **xxxx6601**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | W | **Medical Bills** | | | | **100.00** |

Sheet no. __11__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **250.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
    **Stephanie T. Starks**
                                      Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | | Representing:<br>**Ingalls Memorial Hospital** | | | | **Notice Only** |
| Account No. **xxxx5101**<br><br>**Ingalls Memorial Hospital**<br>**Payment Processing Center**<br>**PO Box 5435 Dept 0028**<br>**Carol Stream, IL 60197-5435** | | H | | Medical Bills | | | | **75.00** |
| Account No.<br><br>**Medical Recovery Specialists, INC.**<br>**2250 E Devon Ave, Ste. 352**<br>**Des Plaines, IL 60018-4519** | | | | Representing:<br>**Ingalls Memorial Hospital** | | | | **Notice Only** |
| Account No. **xxxx-xxxx-xxxx-7696**<br><br>**J.Crew - WFNNB**<br>**Bankruptcy Department**<br>**P.O. Box 182125**<br>**Columbus, OH 43218-2125** | | W | | Charge Account | | | | **1,462.52** |
| Account No.<br><br>**Stokes & Clinton**<br>**P.O. Box 991801**<br>**Mobile, AL 36691-8801** | | | | Representing:<br>**J.Crew - WFNNB** | | | | **Notice Only** |
| Sheet no. **12** of **21** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | Subtotal<br>(Total of this page) | | | | **1,537.52** |

B6F (Official Form 6F) (12/07) - Cont.

In re  **David B. Starks, Sr.,**
    **Stephanie T. Starks**
                                                   ,
                    Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxx-xxx-x78-11**<br><br>**JC Penney - GE Money Bank**<br>**Attn: Bankruptcy Department**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | W | Charge Account | | | | 627.43 |
| Account No.<br><br>**Professional Bureau of Collections of Maryland, Inc.**<br>**P.O. Box 628**<br>**Elk Grove, CA 95759-0628** | | | Representing:<br>JC Penney - GE Money Bank | | | | Notice Only |
| Account No. **xxxxxxx2850**<br><br>**Macy's**<br>**P.O. Box 689195**<br>**Des Moines, IA 50368-9195** | | J | Charge Account | | | | 1,655.15 |
| Account No.<br><br>**Client Services, Inc**<br>**3451 Harry S. Truman Blvd.**<br>**St. Charles, MO 63301** | | | Representing:<br>Macy's | | | | Notice Only |
| Account No.<br><br>**United Recovery Systems, Inc.**<br>**5800 N. Course Drive**<br>**Houston, TX 77072** | | | Representing:<br>Macy's | | | | Notice Only |

Sheet no. __13__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,282.58

B6F (Official Form 6F) (12/07) - Cont.

In re   **David B. Starks, Sr.,**
       **Stephanie T. Starks**
       _____,
                                    Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-5125** <br><br> **Macy's Visa** <br> **P.O. Box 183084** <br> **Columbus, OH 43218-3084** | | J | **Credit Card** | | | | 6,136.08 |
| Account No. <br><br> **OMNI Credit Services** <br> **P.O. Box 23381** <br> **Tampa, FL 33623** | | | **Representing:** <br> **Macy's Visa** | | | | Notice Only |
| Account No. **xx3650** <br><br> **National Payment Center** <br> **US Department of Education** <br> **PO Box 105028** <br> **Atlanta, GA 30348-5028** | | W | **Student Loan** | | | | 20,296.64 |
| Account No. **xxxx-xxxx-xxxx-3104** <br><br> **Orchard Bank - HSBC** <br> **Attn: Bankruptcy Department** <br> **P.O. Box 5213** <br> **Carol Stream, IL 60197** | | W | **Credit Card** | | | | 443.98 |
| Account No. <br><br> **Echelon Recovery Inc.** <br> **P.O. Box 1880** <br> **Voorhees, NJ 08043** | | | **Representing:** <br> **Orchard Bank - HSBC** | | | | Notice Only |

Sheet no. __**14**__ of __**21**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

26,876.70

B6F (Official Form 6F) (12/07) - Cont.

In re  **David B. Starks, Sr.,**
       **Stephanie T. Starks**

Case No. _____

_____,
                                         Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-1497**<br><br>**Sam's Club - GE Money Bank**<br>**Attn: Bankruptcy Department**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | H | | **Charge Account** | | | | **530.75** |
| Account No.<br><br>**CAC Financial Corp.**<br>**2601 NW Expressway, STE 1000 E**<br>**Oklahoma City, OK 73112-7236** | | | | **Representing:**<br>**Sam's Club - GE Money Bank** | | | | **Notice Only** |
| Account No.<br><br>**NCO Financial Systems, Inc.**<br>**4740 Baxter Road**<br>**Virginia Beach, VA 23462** | | | | **Representing:**<br>**Sam's Club - GE Money Bank** | | | | **Notice Only** |
| Account No. **xxxxxxxx0593**<br><br>**SBC - Consumer Bankruptcy Ctr**<br>**P.O. Box 769**<br>**Arlington, TX 76004-0769** | | H | | **Telephone** | | | | **164.85** |
| Account No.<br><br>**NCC**<br>**P.O. Box 18036**<br>**Hauppauge, NY 11788-8836** | | | | **Representing:**<br>**SBC - Consumer Bankruptcy Ctr** | | | | **Notice Only** |

Sheet no. __**15**__ of __**21**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**695.60**

B6F (Official Form 6F) (12/07) - Cont.

In re    **David B. Starks, Sr.,**
　　　　　**Stephanie T. Starks**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　　　　　Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Source Receivables Management**<br>**3859 Battleground Avenue, Suite 303**<br>**Greensboro, NC 27410** | | | **Representing:**<br>**SBC - Consumer Bankruptcy Ctr** | | | | **Notice Only** |
| Account No. **1495**<br><br>**Sears Dental - Orland**<br>**C/o Lou Harris Company**<br>**613 Academy Drive**<br>**Northbrook, IL 60062-2420** | | H | **Medical Bills** | | | | **689.00** |
| Account No.<br><br>**Harris & Harris**<br>**600 W. Jackson Blvd.**<br>**Chicago, IL 60661-5636** | | | **Representing:**<br>**Sears Dental - Orland** | | | | **Notice Only** |
| Account No. **xxxxxx5304**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | **Medical Bills** | | | | **100.00** |
| Account No. **xxxxxx6943**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | **Medical Bills** | | | | **100.00** |

Sheet no. __**16**__ of __**21**__ sheets attached to Schedule of　　　　　　　　　　　　　Subtotal　　　　　　**889.00**
Creditors Holding Unsecured Nonpriority Claims　　　　　　　　　　　　　(Total of this page)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com　　　　　　　　　　　　　　　　　　　　　　Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **David B. Starks, Sr.,**
     **Stephanie T. Starks**
                                                      Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx6935**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | Medical Bills | | | | 100.00 |
| Account No. **xxxxxx4479**<br><br>**Silver Cross Hospital**<br>**1200 Maple Road**<br>**Joliet, IL 60432** | | H | Medical Bills | | | | 100.00 |
| Account No.<br><br>**MiraMed Revenue Group, LLC**<br>**P.O. Box 536**<br>**Linden, MI 48451-0536** | | | Representing:<br>Silver Cross Hospital | | | | Notice Only |
| Account No. **xxxxxx8397**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | Medical Bills | | | | 100.00 |
| Account No.<br><br>**MiraMed Revenue Group, LLC**<br>**P.O. Box 536**<br>**Linden, MI 48451-0536** | | | Representing:<br>Silver Cross Hospital | | | | Notice Only |

Sheet no. __17__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**300.00**

                                          

B6F (Official Form 6F) (12/07) - Cont.

In re **David B. Starks, Sr.,**
     **Stephanie T. Starks**

Case No. _____

_____,
                  Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx8005**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | Medical Bills | | | | 100.00 |
| Account No. **xxxxxx7270**<br><br>**Silver Cross Hospital**<br>**Payment Processing Center**<br>**P.O. Box 739**<br>**Moline, IL 61266** | | H | Medical Bills | | | | 100.00 |
| Account No. **xxxxxxx690-1**<br><br>**Sprint**<br>**P.O. Box 219554**<br>**Kansas City, MO 64121-9554** | | H | Cellular Services | | | | 314.00 |
| Account No.<br><br>**Enhanced Recovery Corporation**<br>**8014 Bayberry Road**<br>**Jacksonville, FL 32256-7412** | | | Representing:<br>Sprint | | | | Notice Only |
| Account No. **xxxxx1947**<br><br>**Sprint**<br>**PO Box 4191**<br>**Carol Stream, IL 60197-4191** | | W | Cellular Services | | | | 310.35 |

Sheet no. __18__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

824.35

B6F (Official Form 6F) (12/07) - Cont.

In re **David B. Starks, Sr.,**
    **Stephanie T. Starks**
_____,
                                Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Diversified Adjustment Service** <br> **600 Coon Rapids Blvd** <br> **Coon Rapids, MN 55433-5549** | | | **Representing:** <br> **Sprint** | | | | **Notice Only** |
| Account No. <br><br> **GC Services** <br> **6330 Gulfton** <br> **Houston, TX 77081** | | | **Representing:** <br> **Sprint** | | | | **Notice Only** |
| Account No. **xxxxxx1368** <br><br> **St. James Hospital and Health Centers** <br> **1423 Chicago Road** <br> **Chicago Heights, IL 60411-3483** | | J | **Medical Bills** | | | | **75.00** |
| Account No. <br><br> **Harris & Harris, Ltd.** <br> **222 Merchandise Mart Plaza** <br> **Suite 1900** <br> **Chicago, IL 60654** | | | **Representing:** <br> **St. James Hospital and Health** | | | | **Notice Only** |
| Account No. **xxxxxxxxxx2990** <br><br> **Target National Bank** <br> **P.O. Box 660170** <br> **Dallas, TX 75266-0170** | | H | **Charge Account** | | | | **816.21** |

Sheet no. **19** of **21** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | **891.21**

B6F (Official Form 6F) (12/07) - Cont.

In re   **David B. Starks, Sr.,**
      **Stephanie T. Starks**

Case No. _____

                         Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**AMO Recoveries, Inc.**<br>**P.O. Box 19439th Avenue W., Suite**<br>**Lynnwood, WA 98036** | | | **Representing:**<br>**Target National Bank** | | | | **Notice Only** |
| Account No.<br><br>**Meyer & Njus, P.A.**<br>**29 S. LaSalle Street, Suite 635**<br>**Chicago, IL 60603** | | | **Representing:**<br>**Target National Bank** | | | | **Notice Only** |
| Account No. **xxxx-xxxx-xxxx-3119**<br><br>**Target National Bank**<br>**P.O. Box 660170**<br>**Dallas, TX 75266-0170** | | W | **Charge Account** | | | | **4,678.57** |
| Account No.<br><br>**Meyer & Njus, P.A.**<br>**134 N. LaSalle Street, Suite 1840**<br>**Chicago, IL 60602** | | | **Representing:**<br>**Target National Bank** | | | | **Notice Only** |
| Account No.<br><br>**U.S. Atty for Northern Dist IL**<br>**(For Department of Education)**<br>**219 S. Dearborn Street, 5th Fl**<br>**Chicago, IL 60604** | | J | **Notice Only** | | | | **0.00** |

Sheet no. __20__ of __21__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,678.57**

B6F (Official Form 6F) (12/07) - Cont.

In re  **David B. Starks, Sr.,**
     **Stephanie T. Starks**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxxx0399** | | | | **Charge Account** | | | | |
| **Victoria's Secret - WFNNB Bankruptcy Department P.O. Box 182125 Columbus, OH 43218-2125** | | **W** | | | | | | **1,220.97** |
| Account No. | | | | | | | | |
| **Stokes & Clinton P.O. Box 991801 Mobile, AL 36691-8801** | | | | **Representing: Victoria's Secret - WFNNB** | | | | **Notice Only** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __21__ of __21__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **1,220.97** |
| | Total (Report on Summary of Schedules) | **62,571.83** |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re     **David B. Starks, Sr.,**                        Case No. _____
         **Stephanie T. Starks**

_____ ,
Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Law Office Stuart B. Handelman**<br>**200 S. Michigan, Suite 1215**<br>**Chicago, IL 60604** | **Legal Services for Fair Debt Collection Practices Act claim against Bay Area Credit Service LLC** |
| **Philipps & Philipps**<br>**9760 Roberts Rd.**<br>**Suite 1**<br>**Palos Hills, IL 60457** | **Legal Services for Fair Debt Collection Practices Act claim against Bay Area Credit Service LLC** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **David B. Starks, Sr.,**                                                    Case No. _____

      **Stephanie T. Starks**

_____,
                                   Debtors

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re | **David B. Starks, Sr.**
**Stephanie T. Starks**
_____
Debtor(s)

Case No. _____

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son** | AGE(S):<br>**15** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Telephone System Engineer** | **Unemployed** |
| Name of Employer | **Avaya** | |
| How long employed | **15 Years** | **30 Years** |
| Address of Employer | **2500 Cabot Drive**<br>**Lisle, IL** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 8,838.87 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 8,838.87 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | 1,575.17 | $ | 0.00 |
|    b. Insurance | $ | 439.05 | $ | 0.00 |
|    c. Union dues | $ | 80.82 | $ | 0.00 |
|    d. Other (Specify): **401K** | $ | 308.62 | $ | 0.00 |
|                   **401K Loan** | $ | 93.43 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 2,497.09 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 6,341.78 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 6,341.78 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 6,341.78 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **David B. Starks, Sr.**
        **Stephanie T. Starks**                                    Case No. _____
_____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|--:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,600.00 |
|    a. Are real estate taxes included?  Yes **X**   No ___ | | |
|    b. Is property insurance included?  Yes **X**   No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 255.00 |
|          b. Water and sewer | $ | 60.00 |
|          c. Telephone | $ | 0.00 |
|          d. Other   **See Detailed Expense Attachment** | $ | 230.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 25.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 33.78 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 346.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|          a. Homeowner's or renter's | $ | 0.00 |
|          b. Life | $ | 0.00 |
|          c. Health | $ | 0.00 |
|          d. Auto | $ | 308.00 |
|          e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|          a. Auto | $ | 480.00 |
|          b. Other | $ | 0.00 |
|          c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   **See Detailed Expense Attachment** | $ | 275.00 |

| | | |
|---|---|--:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,262.78 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|--:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 6,341.78 |
| b.   Average monthly expenses from Line 18 above | $ | 4,262.78 |
| c.   Monthly net income (a. minus b.) | $ | 2,079.00 |

B6J (Official Form 6J) (12/07)

In re    **David B. Starks, Sr.**
     **Stephanie T. Starks**                          Case No. _____

                        Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| Cellular Phone | $ | 120.00 |
| Cable | $ | 110.00 |
| **Total Other Utility Expenditures** | $ | **230.00** |

**Other Expenditures:**

| | | |
|---|---|---|
| Auto Repairs & Maintenance | $ | 75.00 |
| Vehicle Reg & Stickers | $ | 10.00 |
| Son's Tuition | $ | 40.00 |
| Son's Extra-Curricular Activities | $ | 150.00 |
| **Total Other Expenditures** | $ | **275.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **David B. Starks, Sr.**
**Stephanie T. Starks**
_____
Debtor(s)

Case No. _____
Chapter   **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **39**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **June 27, 2011**            Signature  **/s/ David B. Starks, Sr.**
**David B. Starks, Sr.**
Debtor

Date  **June 27, 2011**            Signature  **/s/ Stephanie T. Starks**
**Stephanie T. Starks**
Joint Debtor

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re     **David B. Starks, Sr.**
         **Stephanie T. Starks**                              Case No.

                                         Debtor(s)                   Chapter      **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's
☐       business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$54,316.66** | **Employment 2011, Husband** |
| **$134,959.27** | **Employment 2010, Husband** |
| **$130,780.00** | **Employment 2009, Husband** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,620.00** | **Pension/Annuity 2009, Husband** |

**3. Payments to creditors**

None ■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **The Bank of New York v. David & Stephanie Starks, 10CH36564** | **Foreclosure** | **Circuit Court of Cook County, Illinois** | **Judgment Entered** |
| **Target National Bank v. David Starks, 11M1116161** | **Alias Summons** | **Circuit Court of Cook County, Illinois** | **Pending** |
| **Target National Bank v. Stephanie T. Starks, 11M1110464** | **Summons** | **Circuit Court of Cook County, Illinois** | **Pending** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **David Starks v. Bay Area Credit Service LLC** | **Faird Debt Collection Practices Act Claim** | **Circuit Court of Cook County** | **Settled** |

None ■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

#### 8.  Losses

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

#### 9.  Payments related to debt counseling or bankruptcy

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Law Office Stuart B. Handelman**<br>**200 S. Michigan, Suite 1215**<br>**Chicago, IL 60604** | **November 2010 - February 2011** | **$1,750.00** |
| **Hummingbird Credit Counseling & Edu**<br>**3737 Glenwood Ave., Suite 100-106**<br>**Raleigh, NC 27612** | **June 2011** | **$49.00** |

#### 10.  Other transfers

None
■
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

#### 11.  Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

6

None
■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18 . Nature, location and name of business

None
■ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

None
■ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                                                    ADDRESS

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                                      DATE ISSUED

---

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

8

### 24. Tax Consolidation Group.

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                               TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **June 27, 2011**                    Signature  **/s/ David B. Starks, Sr.**
                                                       **David B. Starks, Sr.**
                                                       Debtor

Date  **June 27, 2011**                    Signature  **/s/ Stephanie T. Starks**
                                                       **Stephanie T. Starks**
                                                       Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Northern District of Illinois

In re   **David B. Starks, Sr.**
     **Stephanie T. Starks**                   Case No. _____

                                   Debtor(s)       Chapter    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 1,750.00 |
| Balance Due | $ | 1,750.00 |

2.   $ **274.00** of the filing fee has been paid.

3.   The source of the compensation paid to me was:

    ☒ Debtor      ☐ Other (specify):

4.   The source of compensation to be paid to me is:

    ☒ Debtor      ☐ Other (specify):

5.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtor(s) in any adversary proceeding.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____        _____

                                         **Stuart B. Handelman**
                                         **The Law Offices of Stuart B. Handelman, P.C.**
                                         **200 S. Michigan Avenue, Suite 1215**
                                         **Chicago, IL 60604**
                                         **(312) 360-0500  Fax: (312) 360-1033**
                                         **court@sbhpc.net**

THE LAW OFFICES OF
**STUART B. HANDELMAN**
A PROFESSIONAL CORPORATION                                    *WWW.CHICAGOLANDBANKRUPTCY.COM*

Stuart B. Handelman                                    200 S. Michigan Avenue, Suite 1215
Jean M. Huang                                          Chicago, Illinois 60604-4398
Kelly Smith                                            Telephone (312) 360-0500
                                                       Fax (312) 360-1033

## AGREEMENT TO RETAIN COUNSEL

1. **Type of Bankruptcy.**

   I hereby retain The Law Offices of Stuart B. Handelman, P.C. (the Attorney) to represent me in a Chapter 13 bankruptcy. I hereby give permission to the Attorney to hire co-counsel in my Chapter 13. If I determine at a later date that I wish to file a Chapter 7 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation if the Attorney wishes to represent me in the Chapter 7. If I elect to convert the Chapter 13 to a Chapter 7, then Attorney shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

2. **Base Attorney Fees.**       **The base attorney fee for filing the Chapter 13 bankruptcy case is $3,500.00.**

   I understand that $1,750.00 must be paid prior to my case being filed and that I have no legal protection from my creditors until my case is filed. I understand that if I decide not to file my Chapter 13 bankruptcy, I will not be entitled to a refund of any earned attorney fee that was previously paid. If it becomes necessary for The Law Offices Stuart B. Handelman, P.C. to file a lawsuit to collect any of its attorney fees, I hereby agree to pay the fees and other costs of collection. Furthermore, I agree that if I fail to cancel any scheduled appointment within one (1) business day I will be charged a cancellation fee of $100.00 for office appointments.

   The services of the attorney included in the base fee are those normally contemplated for a Chapter 13 case. They include the services listed below:

   | | |
   |---|---|
   | (a) | Preparation and electronic filing of petition, schedules, supplemental local forms, Chapter 13 Plan and mailing matrix. |
   | (b) | Drafting and mailing notice to creditors advising of filing of case, including a copy of your Chapter 13 Plan. |
   | (c) | Preparation for and attendance at Section 341 meeting by an attorney. |
   | (d) | Review of order confirming plan and periodic case status reports from the Chapter 13 trustee. |
   | (e) | Review of trustee's motion for allowance of claims. |
   | (f) | Maintaining custody and control of case files for the period prescribed under Illinois Law. |
   | (g) | Service of orders on all affected parties. |
   | (h) | Verification of your identity and social security number. |
   | (i) | Defending objections to confirmation of your Chapter 13 Plan. |
   | (j) | Providing you with a list of answers to frequently asked questions and other routine communications with you. |

3. **Non-Base Attorney Fees.**

   In some Chapter 13 cases, there may be legal services which are beyond those contemplated in the base fee. Some of these legal services are also listed below:

   | | |
   |---|---|
   | (a) | Stay violation litigation, including amounts paid as fees by the creditor or other party. |
   | (b) | Post-discharge injunction actions. |
   | (c) | Adversary proceedings. |
   | (d) | Turnover adversaries. |

For such non-base services, you may be charged with not more than the discretion of the Court, for non-base fees.

The current hourly fee for your Attorney is $350.00 and is subject to increase upon court approval. The Attorney, in his discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. Non-base fees may be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan. It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or both.

**4.    Contingent Fees.**

The attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for a violation of the automatic stay, the co-debtor stay, the discharge injunction, for breach of the plan or any terms thereof, or for breach of any state or federal consumer protection statutes.

**5.    Expenses.**

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services. Such expenses include, but are not limited to, court fees, and electronic or other research fees.

**6.    Court Approval of Fees.**

All fees included in this Agreement are subject to the control of the United States Bankruptcy Court. Any changes in the presumed non-base fees by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the non-base fees and shall be incorporated herein by this reference.

**7.    Assumptions for the Base Fee.**

The base fee is based on the following assumptions:

(a)    The Debtor has provided the Attorney with all requested information.
(b)    The Debtor has provided the Attorney with complete and accurate information.
(c)    The Debtor's circumstances, especially the Debtor's current monthly income (as defined by the Bankruptcy Code), does not change prior to the filing of the case.

**8.    Costs and Expenses to be paid directly by Debtor.**

The debtor shall pay all costs related to the filing of the bankruptcy case. These costs currently include the court filing fee of $274.00; the costs of mandatory pre-filing credit counseling of $49.00; the mandatory post-filing educational course of $19.00 per person; and any other costs as agreed to by the parties. These costs are subject to change.

**9.    Payments to Others.**

My estimated Chapter 13 plan payment is $_____ per month for _____ months. This amount is subject to change for many reasons including when my case is filed and the completeness and accuracy of the balances that I have provided in my initial consultation. I understand that if I wish to file a percentage plan, i.e. paying a percentage of my unsecured debt back, then I may have to stop all voluntary deductions from my paycheck. **The Debtor must make the first full Chapter 13 monthly plan payment 30 days after the Chapter 13 has been filed with the court. The Debtor must also pay or have paid the $274.00 filing fee at the time of signing, and obtained and paid for the consumer credit counseling certificate.**

**10.    Mortgage Payments.**

The Debtor acknowledges (a) that the contractual mortgage payments on residential real estate cannot be changed by

filing a bankruptcy. (b) pre-filing mortgage arrearage will be paid via the plan of Trustee payments, and (c) Debtor is responsible for making timely and complete mortgage payments directly to the mortgage holder, beginning with the payment due after the filing of the case.

11.   **Debtor's Obligations.**

The Debtor's obligations are as follows:

(a)   To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings account, and income information and to sign any and all necessary forms to allow the Attorney to secure such documentation.

(b)   To accurately and honestly provide all of the information necessary to prepare and file the Chapter 13 bankruptcy case, and other motions or proceedings arising during the course of the case.

(c)   To timely respond to all letters, emails and telephone calls from the Attorney or any member of his/her staff.

(d)   To keep the Attorney advised at all times of the Debtor's mailing and residential addresses, telephone numbers, and email addresses.

(e)   To appear at the first meeting of creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other party.

(f)   To review all information received from all parties during the pendency of the bankruptcy case and contact the Attorney with any questions or concerns.

(g)   To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.

(h)   To contact the attorney by Telephone with the understanding that the Attorney is only able to return calls between the hours of 9:00 a.m. and 5:00 p.m. Monday through Friday. If the Attorney is available when the call is actually received, then the call will be taken at that time. However, if you have to leave a message for the Attorney then you must provide a number that you can be reached at during the designated times. The Attorney or Legal Assistant will make every effort to return all such telephone calls within 48 hours, excluding weekends and holidays.

(i)   To provide any information requested of the Debtor, in a timely manner, by the Chapter 13 Trustee, or any other party in the case, unless the Court rules that the Debtor is not required to provide such information.

(j)   To respond in a timely manner to any requests of the Debtor by the Attorney or his Legal Assistant.

(k)   To comply with the obligations imposed upon the Debtor by the Local Rules of the Bankruptcy Court for the Northern District of Illinois. If you wish to review the Local Rules, please request a copy for your review.

12.   **Filing Yearly Tax Returns.**

Please note: if you fail to file a tax return that becomes due after the date of filing of your bankruptcy case or fail to file an extension, the IRS may request the Bankruptcy Court (a) convert the case from a Chapter 13 to a Chapter 7 (which could lead to the loss and liquidation of your assets), or (b) dismiss your present case (which would lead to your loss of Bankruptcy Court protection from the collection activities of your creditors).

13.   **Attorney Withdrawal from Chapter 13 case, Adversary Proceeding or Contested Matter.**

Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge or until the Attorney is relieved from such representation by order of the Court. The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include, but are not limited to, the following:

(a)   The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.

(b)   The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.

Initials

(c)   The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.

(d)   The failure or refusal of the Debtor to provide any supplemental information to the attorney. the Court, and/or to the Chapter 13 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.

(e)   The failure of the Debtor to provide complete, truthful and accurate information to the Court, the Chapter 13 Trustee. Bankruptcy Administrator. and/or the attorney.

(f)   If the Debtor are husband and wife. then any separation. serious domestic dispute. or divorce of the parties.

(g)   Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

## 14.   Non-Dischargeable Debts.

I have been told that some debts are not discharged by a Chapter 13 bankruptcy unless they are paid in full. I understand that some non-dischargeable debts are included in bankruptcy. Such non-dischargeable debts include. but are not limited to. the following: (1) certain tax debts and other tax debts owed to governmental units. (2) debts incurred by fraudulent means. including but not limited to. recent cash advances and other recent usage, (3) accidents while driving under the influence of drugs or alcohol. (4) alimony and child support. (5) intentional torts. and (6) student loans.

## 15.   Real Estate and Sale Date/Sheriff Sale.

It is MY RESPONSIBILITY to know if and when a sale date on my house will take place. I understand that if I do not file my Chapter 13 case before the sale date, then my house will be sold. I will hold my attorney harmless if my house is sold at a sale date because I did not follow my attorneys` instructions and/or I did not follow through with my requirements to get my case filed before the sale date. _____ _____ Initials

## 16.   Cars and Default Payments.

I understand that if I am not contractually current on my car payments before my case is filed, the vehicle finance company may repossess my car. I will hold my attorney harmless if my car is repossessed before my case is filed because I understand that the finance company has a right to repossess the car if I am not current on the payments. I agree to maintain full-coverage automobile insurance prior to the filing of my case, and during my Chapter 13 case.

I have read this agreement and fully understand each of its terms. A copy of this agreement has been given to me for my records.

## 17.   Restrictions on Getting a Discharge.

I have been informed, and fully understand. the following restrictions regarding receiving a discharge in bankruptcy. To obtain a Discharge Order in a bankruptcy case:

(A)   There must be 8 years between chapter 7 cases [Code § 727(a) (8)]

*   A Chapter 7 Debtor may not be granted a discharge if s/he received a Discharge Order under Chapter 7. 11 or 12 in a case filed within eight years of the filing of the pending Chapter 7 petition.

(B)   There must be 4 years between Chapter 7 and Chapter 13 [Code § 1328(f) (1)]

*   A Chapter 13 Debtor will not be granted a discharge if s/he received a discharge in a previous chapter 7. 11 or 12 filed within four years of the filing of the pending Chapter 13 [Code § 1328(f)(1)]

(C)   Regarding Chapter 13 cases. there must be 2 years from either the prior Chapter 13 case filing date or the prior Chapter 13 case discharge date. [Code § 1328(f) (2)]

Initials

Dated: _4 -2 8- 11_

By: _____

The Law Offices of Stuart B. Handelman, P.C.

Dated: _4- 11- 2011_

Debtor: _____

Dated: _4-11- 2011_

Debtor: _____

Initials

## REPRESENTATION AGREEMENT

DAVID STARKS (the "CLIENT") has requested that David J. Philipps of Philipps &

Philipps, Ltd., and Stuart B. Handelman, P.C. (the "LAW FIRMS") represent CLIENT and

provide legal services on CLIENT's behalf and prosecute any and all claims that CLIENT

may have against BAY AREA CREDIT SERVICE, LLC ("BAY AREA"), or any related

persons, arising out of its attempts to collect a debt allegedly owed to AT&T Uverse.

### LAW FIRMS TO DILIGENTLY PROSECUTE CLAIMS.

1.    The LAW FIRMS, upon receipt of an executed copy of this Agreement,

agree to diligently prosecute CLIENT's claims.

### CLIENT COOPERATION.

2.    CLIENT agrees to cooperate and assist the LAW FIRMS in connection with

the investigation and prosecution of CLIENT's claims.

### ATTORNEYS' FEES CONTINGENT UPON CLIENT'S RECOVERY.

3.    The LAW FIRMS' fees and expenses will be contingent on the CLIENT or

the LAW FIRMS obtaining a judgment or settlement of CLIENT's claims against BAY

AREA, or any other responsible party, and collecting upon such judgment or settlement, or

on the CLIENT receiving a benefit as a result of such judgment or settlement.  If no

recovery or benefit is obtained, CLIENT shall not be obligated to pay the LAW FIRMS any

compensation, fees, or reimbursement of expenses and costs for the services rendered

related to those claims.

The LAW FIRMS' intent is to seek to have their fees, expenses, and costs paid by

BAY AREA.  The LAW FIRMS shall be entitled to seek to recover all of their fees,

1

expenses, and costs from BAY AREA, or any other responsible party, under the fee-shifting provisions of the Fair Debt Collection Practices Act or any other applicable law, but if attorneys' fees, expenses, and costs are not recovered under a fee-shifting provision, then CLIENT agrees to pay the LAW FIRMS an amount equal to the greater of: a) any amount allocated for fees, expenses, and costs in a judgment or settlement; or b) 40% of the amount of all money recovered plus 40% of the value of any other benefit conferred on CLIENT before any reduction for expenses and costs.

If recovery is made or a benefit is obtained in CLIENT's case, CLIENT agrees to pay the LAW FIRMS all expenses and costs incurred by the LAW FIRMS out of the recovery for that case. Expenses and costs include, but are not limited to: court filing fees, fees for service of process, messenger services, long distance telephone, telecopier services, expert and consultant's fees, computer services, photocopying expenses, travel, computerized legal research, and court reporter's fees.

CLIENT hereby grants a security interest and lien to the LAW FIRMS on any money or benefit recovered. CLIENT hereby assigns to the LAW FIRMS the power to demand fees from BAY AREA or any other responsible party, and the power to petition any court for such fees under any applicable fee-shifting statute, and the CLIENT additionally assigns to the LAW FIRMS the CLIENT's right to receive payment of such fees from BAY AREA or any other responsible party with any such amounts being considered earned at the time of payment, and at that time the property of the LAW FIRMS.

CLIENT understands that as a result of the services rendered by LAW FIRMS, the LAW FIRMS will share in the total fees paid. Philipps & Philipps, Ltd. shall receive 70%, and Stuart B. Handelman, P.C. shall receive 30%, of the fees paid in conjunction with any

2

judgment or settlement.  The LAW FIRMS agree to be equally responsible for the performance of legal services for CLIENT.

**LAW FIRMS MAY PURSUE THE CASE ON AN INDIVIDUAL BASIS, MULTI-PARTY BASIS OR A CLASS ACTION BASIS.**

4.      CLIENT understands that the LAW FIRMS may at their discretion pursue CLIENT's claims on an individual basis or may pursue them along with the claims of other people on a multi-party basis or on a class action basis.  If a court determines that CLIENT's case should proceed as a class action, then the LAW FIRMS' fees will be set by the court hearing the case.

**CLIENT APPROVAL OF SETTLEMENT.**

5.      If CLIENT's case does not proceed as a class action, then no settlement or compromise of any nature shall be made of CLIENT's claims without CLIENT's approval. If, however, CLIENT's case proceeds as a class action, CLIENT's claims will only be settled along with the claims of the other class members and after the court approves the settlement.  CLIENT understands that the maximum recovery LAWYERS can obtain for CLIENT is $1,000 in statutory damages under the FDCPA.

**SCOPE OF REPRESENTATION**

6.      CLIENT understands that LAWYERS will be filing CLIENT's FDCPA claim against BAY AREA in the United States District Court in the Northern District of Illinois, in Chicago, Illinois.  CLIENT also understands that LAWYERS will not represent CLIENT in any state court litigation brought against CLIENT relative to the debt at issue.

**LAW FIRMS MAY ASSOCIATE WITH OTHER COUNSEL.**

7.      If the LAW FIRMS decide it is appropriate, and the CLIENT consents, the

3

LAW FIRMS may associate with other attorneys in the prosecution of CLIENT's claims.

For the purpose of this Agreement, the fees and expenses of any such other attorneys will

be payable as if such attorneys were employed by the LAW FIRMS and the CLIENT will

not incur any independent obligation to such attorneys because of their involvement in the

matter.

## THIS WRITING IS THE TOTAL AGREEMENT.

8.    This Agreement is the only agreement of the parties regarding the claims of

the CLIENT referred to above. This Agreement supersedes any earlier understandings or

written or oral agreements among the parties respecting its subject matter. This

Agreement may only be modified, amended or changed by a written document signed by

the LAW FIRMS and CLIENT.

**ACCEPTED AND AGREED TO:**

CLIENT

STUART B. HANDELMAN, P.C.

_____
DAVID STARKS

_____
STUART B. HANDELMAN

_5 - 14 - 2011_

_6 -3 - 11_

DATED

DATED

David Starks
5165 Keith Drive
Richton Park, Illinois 60471
Home Phone: (708) 625 - 4819
Work Phone: (630) 245 - 7388
Cell Phone:    (217) 766-5340
E-Mail Address: dstarks4240@gmail.com
Soc. Sec. # 350 - 54 - 4683

4

PHILIPPS & PHILIPPS, LTD.

DAVID J. PHILIPPS

5/17/11

DATED

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney

2

and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

## *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

$ __3,500.00__ .

Prior to signing this agreement the attorney has received $ __1,750.00__ , leaving a balance due of $ __1,750.00__ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case*. Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers*. The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■ Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following:

**Earned Income for services provided through confirmation**

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney*. The debtor may discharge the attorney at any time.
Date: ___ 6-27-11

Signed:

David B. Starks, Sr.

Stephanie T. Starks

Debtor(s)
Do not sign if the fee amount at top of this page is blank.

Stuart B. Handelman
Attorney for Debtor(s)

4

   Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney

2

and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

## *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

3

$___3,500.00___.

Prior to signing this agreement the attorney has received $___1,750.00___, leaving a balance due of $___1,750.00___. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■ Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following:

**Earned Income for services provided through confirmation**

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date:   **June 27, 2011**

Signed:

| **/s/ David B. Starks, Sr.** | **/s/ Stuart B. Handelman** |
|---|---|
| **David B. Starks, Sr.** | **Stuart B. Handelman** |
| | Attorney for Debtor(s) |
| **/s/ Stephanie T. Starks** | |
| **Stephanie T. Starks** | |

Debtor(s)
Do not sign if the fee amount at top of this page is blank.

4

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy
Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes
briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of
bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General
may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an
attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that
you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in
your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists
the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed
from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse
receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy
**relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and
provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The
briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be
provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The
clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a
joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management
instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management
instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose
debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to
proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases,
the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court
dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take
possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have
committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the
purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be
responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement
obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your
bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated
from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and
malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee,
### $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

| | | | | |
|---|---|---|---|---|
| In re | **David B. Starks, Sr.** | | Case No. | |
| | **Stephanie T. Starks** | | | |
| | | Debtor(s) | Chapter | **13** |

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**David B. Starks, Sr.**
**Stephanie T. Starks**
_____        X  **/s/ David B. Starks, Sr.**              **June 27, 2011**
Printed Name(s) of Debtor(s)                    Signature of Debtor                        Date

Case No. (if known) _____        X  **/s/ Stephanie T. Starks**              **June 27, 2011**
                                                  Signature of Joint Debtor (if any)          Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re **David B. Starks, Sr.**
**Stephanie T. Starks**

Debtor(s)

Case No. _____

Chapter **13**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **80**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **June 27, 2011**

**/s/ David B. Starks, Sr.**
**David B. Starks, Sr.**
Signature of Debtor

Date: **June 27, 2011**

**/s/ Stephanie T. Starks**
**Stephanie T. Starks**
Signature of Debtor